OPINION
{¶ 1} On October 4, 2005, defendant-appellant Butch R. Dixon was found guilty of speeding by a municipal court magistrate in Fairborn, Ohio. Dixon was fined $100.00 plus court costs. The magistrate additionally found that Dixon was driving recklessly at the time of the speeding offense and suspended his driver's license for a period of six months.
 {¶ 2} Traf. R. 14 governs the role of magistrates in traffic cases and provides for the appointment of magistrates "for the purpose of receiving pleas, determining guilt or innocence, receiving statements in explanation and in mitigation of sentence, and recommending penalty to be imposed." Pursuant to Traf. R. 14(C), proceedings before a magistrate must comply with Crim. R. 19(E), which governs the actions a trial court must take with respect to matters disposed of by a magistrate. Parma v.Blatnica (Jan. 20, 2005), Cuyahoga App. No. 84661, 2005-Ohio-194.
 {¶ 3} The record indicates that Dixon failed to file objections to the magistrate's decision within fourteen days after the decision was issued pursuant to Crim. R. 19(E)(2). However, at no time before or after the requisite fourteen days had passed did the trial court adopt the magistrate's decision. Crim. R. 19(E)(3)(a). The only evidence present in the record which demonstrates that the trial court was aware of Dixon's conviction is a declaration of forfeiture filed on October 4, 2005, by the trial court. The forfeiture notice references the fines and costs levied upon Dixon as well as the suspension of his driver's license. Despite this, the forfeiture notice contains no language which could be considered an adoption of the decision of the magistrate. Noticeably absent from the forfeiture notice is a notation indexing Greene County Traffic Ordinance 73.30, the actual minor misdemeanor ordinance Dixon was found guilty of violating.
 {¶ 4} It should be noted that in his reply brief, Dixon argues that he was unable to file objections to the magistrate's decision because a written decision does not exist. A review of the record, however, clearly demonstrates that on October 4, 2005, the magistrate assigned to this case found Dixon guilty of speeding in violation of Greene County Traf. Ordinance 73.30. There is also a notation on the magistrate's decision stating that Dixon's license is to be suspended for six months, effective on October 6, 2005. The decision is initialed by the magistrate and time stamped by the clerk of courts. Said document, which Dixon attaches to his reply brief and identifies as "Exhibit A," complies with the requirements of both Traf. R. 14 and Crim. R. 19(E).
 {¶ 5} We find that because the trial court did not properly adopt the decision of the magistrate with respect to Dixon's speeding violation, there is no final order for Dixon to appeal. Thus, the instant matter is not properly before us.
 {¶ 6} This appeal is hereby Dismissed for want of a final appealable order. Costs to be paid as stated in App. R. 24.
Grady, P.J. and Brogan, J., concur.